**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENLAR FSB, | ) | |
| | ) | Civil Action No. 15-cv-868 |
| Plaintiff, | ) | |
| | ) | Honorable Andrea R. Wood |
| FEDERAL HOME LOAN | ) | |
| MORTGAGE CORPORATION, | ) | |
| | ) | |
| Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INGA MUKHRANELI, *ET AL.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE BY INTERVENOR FEDERAL HOME LOAN MORTGAGE
CORPORATION AND PLAINTIFF CENLAR FSB TO
DEFENDANT'S MOTION TO WITHDRAW**

Defendant's arguments in her pending motion to vacate all orders entered in this case have needlessly prolonged the resolution of the case. Thus, Intervenor Federal Home Loan Mortgage Corporation and Plaintiff Cenlar FSB do not object to Defendant's pending motion to withdraw her motion to vacate all orders, *provided that the motion is withdrawn with prejudice*. Once the motion has been withdrawn, the Court should decide Cenlar's pending and fully-briefed motion to confirm the judicial sale (Dkt. No. 22), which should dispose of the issues in this case.

This case began over six years ago as a state-law residential foreclosure action based on a mortgage owned by Federal Home Loan Mortgage Corporation ("Freddie Mac"), a federally chartered corporation. After a tortured procedural history, on October 14, 2014, Defendant Inga Mukhraneli filed the current motion to vacate all orders entered in this case and to dismiss the

case for voidness.[1] The purported bases for her motion were that (a) Freddie Mac violated the Illinois Residential Mortgage License Act when it purchased her loan without holding a state-issued license; (b) Mortgage Electronic Registration Systems, Inc. ("MERS") allegedly took an interest in the loan, also allegedly in violation of the License Act; and (c) the Defendants were supposedly entitled to notice of a grace period under a state statute that was enacted after the filing of this case. (*See* Dkt. No. 20 at 3 - 19.)

Freddie Mac intervened in this case to defend its interest in the loan and to assert the protections against the requirements of the License Act provided by Freddie Mac's federal charter. Freddie Mac also removed the case to this Court, as it is entitled to do under 12 U.S.C. § 1452(f)(3). (*See* Dkt. No. 1.) In accordance with the existing briefing schedule, Cenlar and Freddie Mac filed their opposition briefs to Defendant Mukhraneli's motion to vacate. (*See* Dkt. Nos. 12 & 13; *see also* Dkt. No. 20 at 43-78.) Defendant Mukhraneli did not file a reply and the Court held on April 14, 2015, that the matter was fully briefed. As the Court recognized and the parties agreed (*see* Dkt. No. 17, at 4), the most appropriate manner for the case to proceed was for the Court to decide the motion to vacate and, if that were not granted, deciding the motion to confirm judicial sale.

On April 17, 2015, Ms. Mukhraneli sought leave to withdraw her pending motion to vacate. (Dkt. No. 24.) Cenlar and Freddie Mac do not object to the request, *provided that the motion is withdrawn with prejudice*, so that Ms. Mukhraneli may not attempt to bring this motion again in this proceeding or otherwise assert the same arguments related to the loan at issue in this matter in any other proceeding. Once the motion has been withdrawn, the Court should turn to

---

[1] The Defendant filed the motion to vacate before the state court, where the motion was pending upon removal. Pursuant to this Court's order, the motion and its associated briefing were re-filed as Docket No. 20.

the only remaining matter, the motion to confirm judicial sale, which should fully resolve the issues in this case.

## CONCLUSION

For these reasons, this Court should permit Ms. Mukhraneli to withdraw her motion to vacate with prejudice.

Dated: April 21, 2015                                       Respectfully submitted,

| | |
|---|---|
| s/ Michael R. Kemock | By: /s/ Ian H. Fisher |
| Michael R. Kemock | Michael J. Ciatti (*pro hac vice*) |
| **CODILIS & ASSOCIATES, P.C.** | Merritt E. McAlister (*pro hac vice*) |
| 158W030 North Frontage Road, Ste. 100 | **KING & SPALDING LLP** |
| Burr Ridge, IL 60527 | 1700 Pennsylvania Avenue, NW |
| Telephone: (630) 794-5300 | Washington, DC 20006 |
| Michael.kemock@il.cslegal.com | Telephone: (202) 737-0500 |
| | Fax: (202) 626-3737 |
| | mciatti@kslaw.com |
| *Counsel for Plaintiff Cenlar FSB* | mmcalister@kslaw.com |
| | |
| | Ian H. Fisher |
| | Teresa A. Sullivan |
| | **SCHOPF & WEISS LLP** |
| | One S. Wacker Dr., 28th Fl. |
| | Chicago, Illinois 60606 |
| | Telephone: (312) 701-9300 |
| | Fax: (312) 701-9335 |
| | fisher@sw.com |
| | sullivan@sw.com |
| | |
| | *Counsel for Intervenor Federal Home Loan Mortgage Corporation* |

**CERTIFICATE OF SERVICE**

I, Ian H. Fisher, an attorney, hereby certify that on this 21st day of April, 2015, I electronically filed the foregoing **Response by Intervenor Federal Home Loan Mortgage Corporation and Plaintiff Cenlar FSB to Defendant's Motion to Withdraw** and this **Certificate of Service** with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to all registered parties and counsel.

In addition, I caused copies of the foregoing **Federal Home Loan Mortgage Corporation's Opposition to Defendant's Motion to Vacate** and this **Certificate of Service** to be sent by electronic mail and first class prepaid U.S. mail on this 21st day of April, 2015 to the following:

>Matthew Gurvey
>Law Office of Matthew E. Gurvey, P.C.
>111 W. Washington, Ste. 841
>Chicago, IL 60602
>mgurvey@gurveylawpc.com

/s/ Ian H. Fisher